# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Gerald Timmons, | ) | |
| | ) | Civil Action No.: 4:16-cv-00048-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Office Head, *personally and their* | ) | |
| *unknown undisclosed insurance carrier* | ) | |
| *by/through them,* d/b/a Florence County | ) | |
| Adult Protective Services; Florence | ) | |
| County, *and their unknown undisclosed* | ) | |
| *insurance carriers by/through them*; and | ) | |
| Administrator of North Carolina Hospital, | ) | |
| *personally and their unknown undisclosed* | ) | |
| *insurance carriers by/through them,* d/b/a | ) | |
| North Carolina Hospital, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 71), filed December 11, 2017, recommending that the court dismiss Plaintiff's Complaint ("Complaint") against Defendants (ECF No. 1) pursuant to Fed. R. Civ. P 41(b), for failure to prosecute.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(b) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 71 at 5.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Plaintiff did not notify the court that he would like to continue to prosecute this case and did not respond to Defendants' Motions to Dismiss (ECF Nos. 53, 58). Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 71) dismissing Plaintiff's Complaint (ECF No. 1) for failure to prosecute. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice, pursuant to Fed. R. Civ. P 41(b). Because the court dismisses Plaintiff's Complaint, Defendants' Motions to Dismiss (ECF Nos. 53, 58) are **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 26, 2018
Columbia, South Carolina